IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANK GAYLORD,                    )

                                  )

          Plaintiff,           )

                                    )

    v.                            )       No. 06-539C

                                    )

THE UNITED STATES,          )       Judge Thomas C. Wheeler

                                    )

          Defendant.      )

## DEFENDANT'S ANSWER

Defendant, the United States ("the government"), hereby files this Answer in response to the allegations which appear in the numbered paragraphs of Plaintiff's Complaint, filed July 25, 2006. Each of the numbered paragraphs below is a response to the corresponding numbered paragraph of the Complaint. Upon current information and belief, all allegations of the Complaint are denied except to the extent expressly admitted below.

### The Parties

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 and, therefore, denies the same.

2.      Defendant admits the allegations in paragraph 2 of the Amended Complaint.

### Jurisdiction and Venue

3.      Defendant admits the allegations in paragraph 3 of the Amended Complaint.

**Factual Allegations**

4.     Defendant admits that Cooper-Lecky Architects ("CLA") was selected as the contractor to design and construct the Korean War Veterans Memorial ("KWVM") to be installed on the National Mall in Washington, D.C.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and, therefore, denies the same.

5.     Defendant admits that the KWVM contains a sculpture that features 19 statutes representing a platoon of soldiers proceeding in column formation.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and, therefore, denies the same.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 and, therefore, denies the same.

7.     Defendant admits that original works of visual art can be "copyrightable subject matter under the laws of the United States," and that Plaintiff registered "The Column" as an original work of visual art.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and, therefore, denies the same.

8.     Defendant admits that Plaintiff received the following copyright registrations from the Copyright Office, and that Plaintiff attached copies of the registrations to the Complaint:

> (a)     VAu-280-954, registered on November 15, 1993;
>
> (b)     VAu-280-955, registered on November 18, 1993;
>
> (c)     VAu-306-934, registered on August 12, 1994; and
>
> (d)     VAu-342-493, registered on May 1, 1995.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and, therefore, denies the same.

9.      Defendant admits that the KWVM was dedicated on July 27, 1995.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and, therefore, denies the same.

10.     Defendant admits that John W. Alli, an amateur photographer, created a photograph of a section of the KWVM after a snow storm ("the Photo").  The issue of "substantial similarity" is a legal conclusion, to which no response is required.  To the extent that a response is required, Defendant denies the allegation.

11.     Defendant admits that John Alli entered into an agreement with the Postal Service granting the Postal Service a license to reproduce and/or to prepare derivative works of the Photo as part of a postage stamp.  Defendant admits that it incorporated the Photo into a commemorative 37-cent stamp first released on July 27, 2003 ("the Stamp").  Defendant denies any remaining allegations in paragraph 11.

12.     Defendant admits that the Postal Service did not seek or obtain Plaintiff's explicit authorization before issuing the Stamp, and did not give attribution for "The Column" to Plaintiff on the Stamp or in any published materials associated with the Stamp.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and, therefore, denies the same.

13.     Defendant admits that it displayed images of the Stamp on commemorative items, such as magnets and lapel pins, and that this activity was permitted by the agreement between John Alli and the Postal Service.  Defendant admits that it offered for sale these commemorative items,

without Plaintiff's explicit authorization and without attribution of "The Column" to Plaintiff. Defendant denies the remaining allegations in paragraph 13.

14.     Defendant admits that the agreement between John Alli and the Postal Service stated that John Alli reserved the right to exercise the copyrights in the Photo in any manner, with the exception of the exclusive grant as to the Stamp.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and, therefore, denies the same.

15.     Paragraph 15 of the Complaint states legal conclusions to which no responses are required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states legal conclusions to which no responses are required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendant admits that the Postal Service's sales of the Stamp exceeded a million dollars.  Defendant denies the remaining allegations in paragraph 19.

20.     To the extent that Plaintiff's prayer for relief contains any factual allegations, Defendant denies the same.   Defendant specifically denies that Plaintiff is entitled to any compensation.

**Defendant's Further Answer as to Defenses**

Further answering, Defendant alleges upon current information and belief that:

21.     Defendant has not infringed Plaintiff's copyrights.

22.     Plaintiff merged his works with those of CLA to jointly create the KWVM.  CLA assigned its entire copyright interest in the KWVM to the Defendant.

23.     Defendant possesses at least an unlimited, paid-up copyright license in the KWVM and in all works developed in the performance of the contract with CLA.

24.     Plaintiff granted an implied license to Defendant.

25.     Plaintiff's claim is barred by equitable considerations, such as laches and estoppel.

26.     The Postal Service's use of Plaintiff's copyrights was a fair use.  See 17 U.S.C. § 107.

27.     Plaintiff does not have the "right to prevent the making distributing, or public display of pictures, paintings, photographs, or other pictorial representations" of the KWVM.  See 17 U.S.C. § 120.

28.     Plaintiff is denied a right of action because he produced the works as part of his official service to the government as a sculptor for CLA.  See 28 U.S.C. § 1498(b).

29.     Plaintiff is barred from recovering damages for copyright infringement committed more than three years, plus the amount of time between the receipt of the administrative claim and the mailing of the denial, prior to the filing of the Complaint.  See 28 U.S.C. § 1498(b).

30.     Answering further, Defendant asserts any and all defenses which are presently unknown to Defendant but which, when ascertained, Defendant prays leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A.     That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiff;

B.     That the Court adjudge Plaintiff's copyrights not infringed by or for Defendant;

C.     That the Court adjudge Plaintiff is not entitled to any compensation.

D.     That Defendant recover from Plaintiff all of its expenses, including costs and attorney's fees; and

E.     That Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director


s/Scott Bolden
SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC  20530
Telephone:     (202) 307-0262
November 22, 2006                  Facsimile:     (202) 307-0345