**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| FRANK GAYLORD,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant.<br>, | No.: 06-539C<br>Judge Thomas C. Wheeler |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the Court of Federal Claims ("RCFC"), the parties file the following Joint Preliminary Status Report:

Counsel held an early meeting of counsel on January 11, 2007, during which the following topics were discussed, and the parties arrived at the following positions on those topics:

(a) Does the Court have jurisdiction over the action?

Yes. Both parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1498(b).

(b) Should the case be consolidated with any other case, and, if so, why?

No. Both parties agree that no other cases should be consolidated with this case.

Plaintiff further states that it has filed an action for copyright infringement against John Alli in the United States District Court for the District of Maryland, Civil Action No. 1:06-cv-01921. Gaylord and Alli are discussing settlement and believe it is likely that the case will settle. Gaylord and Alli

intend to disclose the proposed terms of settlement to the United States Postal Service before it is finalized.

(c) Should trial of liability and damages be bifurcated and, if so, why?

No. Neither party requests bifurcation.

(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal, and if so, why?

No. Further proceedings in this case should not be deferred pending consideration of any other case. Neither party knows of any basis for transferring or remanding this case to another tribunal.

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No. There is no basis upon which a remand could be requested. At present the parties do not foresee any reason for seeking a suspension of this matter.

(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

Plaintiff's position: No.

Defendant's position: The government will seek leave to file a motion for Rule 14 notice of a principal of the government's contractor. Counsel for Plaintiff has indicated that the motion for leave and the motion for Rule 14 notice are unopposed.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Neither party contemplates the filing of a motion pursuant to RCFC 12(b) or 12(c).

Plaintiff's position re RCFC 56 motions Plaintiff does not contemplate a RCFC 56 motion, but wishes to reserve the right to file a cross-motion pursuant to RCFC 56, if appropriate in the circumstances, in the event the government files a RCFC 56 motion..

Defendant's position: The government is still considering whether a motion pursuant to RCFC 56 is appropriate. The government has not decided whether to file such a motion, but as discovery progresses, the government will continue to determine whether there are any issues for which no genuine issue of material fact exists, and which are therefore amenable to a motion for summary judgment. Should such an issue emerge, the government will promptly notify the Court and the Plaintiff.

(h) What are the relevant factual and legal issues?

Plaintiff's position: Plaintiff claims copyright infringement by the United States Postal Service, which reproduced plaintiff's copyrighted sculpture, "The Column," on United States stamps and related merchandise without the knowledge or permission of plaintiff and without identifying plaintiff as the sculptor of the work. "The Column" is a work of visual art that is the subject of several copyright registrations owned by plaintiff. "The Column" is installed as part of the Korean War Veterans Memorial in Washington D.C. After installation of the work, a photographer named John Alli took a photograph of "The Column" in the snow which the United States Postal Service later used on a stamp to commemorate the 50th anniversary of the end of the Korean War.

The Postal Service sought Mr. Alli's permission, via a written agreement, to use Mr. Alli's copyrighted photograph, and, upon information and belief, the Postal Service was advised expressly by Mr. Alli that it would also need the permission of the owner of the copyright in the sculpture itself to reproduce the sculpture on a stamp.

From the time that Frank Gaylord was selected as the sculptor of "The Column" through the installation and dedication of the memorial site, Frank Gaylord was never asked to give his permission to use copies of "The Column" on postage stamps by the Postal Service or any other entity. Indeed, Mr. Gaylord first learned that his sculpture was depicted on a stamp when he saw a television news report of the unveiling of the stamp on the day of issue. The infringement of Mr. Gaylord's copyright in "The Column" was compounded by the fact that there was no attribution of the sculpture to Mr. Gaylord in any of the written materials created by the Postal Service that were published at the time of issue of the stamp.

Prior to the issuance of the stamp, Mr. Gaylord expressly and steadfastly refused to assign his copyright in "The Column" to the United States, a position in which the government eventually acquiesced. Mr. Gaylord's affirmative refusal to the transfer of ownership of the copyright in the face

of an express demand by the government contradicts the government's contention that it was impliedly authorized by Mr. Gaylord to use the sculpture in these circumstances. There is likely no genuine dispute that plaintiff, Frank Gaylord, is the sculptor of the work or that the images reproduced on stamps and merchandise constitutes a "copy" of the work for purposes of the copyright laws of the United States.

Plaintiff requires discovery of the extent and nature of sales of commemorative stamps and related merchandise bearing the infringing copy, as well as data indicating or allowing the determination of the extent to which commemorative stamp issues are not used in exchange for postal services. Plaintiff also requires discovery of the evidence, if any, that the United States Postal Service relies upon in support of its defenses that its copying of the plaintiff's work was authorized, expressly or impliedly, or otherwise legally justified.

Plaintiff Frank Gaylord is a veteran of the armed forces of the United States and a noted American sculptor. Because of his advanced age and the importance of the work "The Column" to his legacy as both a veteran and a sculptor, plaintiff will seek to record his potential trial testimony steno graphically and video graphically in advance against the potential need to use the deposition at trial and as soon as it can be conveniently arranged with counsel for defendant. .

Defendant's position: There are two overarching legal issues in this case. First, did the government infringe Plaintiff's copyrights by incorporating an image of a section of the Korean War Veterans Memorial ("KWVM") into a postage stamp? Second, assuming infringement, what is the proper amount of compensation?

Defendant contends that its conduct is non-infringing for a number of reasons, identified in paragraphs 22-28 of the Answer. Specifically, the government did not infringe Plaintiff's copyrights because:

A. Plaintiff merged his works with those of Cooper-Lecky Architects ("CLA") to jointly create the KWVM. CLA assigned its entire copyright interest in the KWVM to the Defendant.

B. Defendant possesses at least an unlimited, paid-up copyright license in the KWVM and in all works developed in the performance of the contract with CLA.

C. Plaintiff granted an implied license to Defendant.

D. Plaintiff's claim is barred by equitable considerations, such as laches and estoppel.

E. The Postal Service's use of Plaintiff's copyrights was a fair use. See 17 U.S.C. § 107.

F. Plaintiff does not have the "right to prevent the making distributing, or public display of pictures, paintings, photographs, or other pictorial representations" of the KWVM. See 17 U.S.C. § 120.

G. Plaintiff is denied a right of action because he produced the works as part of his official service to the government as a sculptor for CLA. See 28 U.S.C. § 1498(b).

See Answer ¶¶ 22-28. Each of the defenses in paragraphs A-D involve two key questions: (1) What is the proper scope of protection for Plaintiff's copyrights; and (2) How has the scope of protection been limited: by Plaintiff's conduct; by the contracts and other writings between the parties; and by a Contracting Officer's Decision regarding copyright assertions in the KWVM? The defenses in paragraphs E-F are based upon two limitations on infringement in Sections 107 through 122 of Title 17. Finally, the defense in paragraph G is based on the fact that Plaintiff created the works at issue pursuant to his work as a sculptor for CLA. Section 1498(b) bars a plaintiff's right of action where the copyrighted works were created as part of the plaintiff's official service to the government. See Herbert v. United States, 36 Fed.Cl. 299, 306 (1996).

With respect to damages, Defendant notes that Plaintiff has failed to allege a specific amount of requested compensation. Defendant denies that Plaintiff is entitled to any statutory or actual damages, profits, or other compensation, or an injunction or any further relief, or that plaintiff is entitled to any costs including any attorney's fees. Furthermore, as identified in paragraph 29 of the Answer, Plaintiff is barred from recovering damages for copyright infringement committed more than three years, plus the

amount of time between the receipt of the administrative claim and the mailing of the denial, prior to the filing of the Complaint. See 28 U.S.C. § 1498(b).

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff's position: Plaintiff invited a settlement discussion with defendant's counsel in the first telephone conference between counsel, produced substantial documentation related to copyright ownership to aid defendant's counsel in assessing the possibility of settlement, and agreed to an extension of time for defendant to answer while those materials were being reviewed. Defendant's counsel has not further engaged plaintiff on the issue of settlement, and plaintiff therefore feels that settlement is not likely at this time.

Defendant's position: Both parties have engaged in informal discovery in an effort to promote early resolution of this matter. The government is continuing to review its settlement options. The government intends to further explore the possibility of settlement once a better assessment of the facts is available.

(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case can be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.

Yes, the parties anticipate proceeding to trial. As described below, both parties have proposed a scheduling plan for discovery in this case.

Plaintiff's position: Plaintiff expects that the case will require trial on the merits and that the case can be tried within 3 days. Plaintiff does not intend on filing any dispositive motions.

Defendant's position: The government does not request expedited trial scheduling for the following reasons: (1) A significant portion of the documents and expected testimony relevant to the government's defenses relates to events that took place before 1995; (2) As noted in paragraph (g), the government will continue to evaluate the likelihood of filing a dispositive motion.

(k) Are there special issues regarding electronic case management needs?

No special procedures are likely to be needed.

(l) Is there other information of which the court should be aware at this time?

None.

**JOINT PROPOSED SCHEDULING PLAN**

(a) Proposed deadline(s) for fact discovery

The parties seek a fact discovery deadline of September 28, 2007.

(b) Proposed deadline(s) for expert discovery

The parties are continuing to evaluate the need for expert discovery. Should expert discovery be needed, the parties propose that both parties disclose their respective expert witnesses and furnish a report from each testifying expert witness conforming to the requirements of RCFC 26(a) (2) by October 31, 2007. Each party may then respond by filing a responsive report by November 30, 2007. The parties will then make their respective expert witnesses available for deposition within the next 30

days following the last response report. The parties propose that all expert discovery be completed by January 15, 2008.

Dated: January 16, 2007

Ahmed J. Davis
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC 20005-3500
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

OF COUNSEL:

Heidi E. Harvey (*pro hac vice* application to be filed)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Counsel for Plaintiff Frank Gaylord

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/Scott Bolden .

SCOTT BOLDEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

January 16, 2007