IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANK GAYLORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-539C |
| | ) | |
| THE UNITED STATES, | ) | Judge Thomas C. Wheeler |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

This Court has considered the joint motion regarding the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff Frank C. Gaylord II ("Gaylord"), and Defendant the United States ("the government"), have agreed and stipulated to the entry of an order pursuant to RCFC 26(c) for protecting Protected Information as defined below. The agreement and stipulation are evidenced by the signatures of the attorneys of record.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

**Definitions and Comments**

For purposes of this Protective Order:

A. The term "Party" shall mean, individually or collectively the Plaintiff and the Defendant.

B. The term "Supplying Owner" is a person or entity who is not a Party and owns or possesses Protected Information (as defined herein) that is relevant to the subject matter of this litigation or is reasonably calculated to lead to the discovery of admissible evidence.

C. The term "document" means documents as defined in RCFC 34(a).

D. The term "Protected Information" shall mean documents, produced by a Party or Supplying Owner that contains trade secrets, technical know-how, other business data or any other information which, at the time the information is requested, is maintained in confidence or in which the Party or Supplying Owner maintains a proprietary interest. Each Party and Supplying Owner shall act in good faith in designating documents as "Protected Information."

E. The term "Qualified Person" shall mean any one of the following:

(1) the Court, its Clerk, the United States Judiciary, and their legal assistants and support staff members;

(2) the attorney of record for the Plaintiff who is not an in-house attorney and any other attorney in his or her firm, their legal assistants and support staff members;

(3) the attorney of record for a third-party Supplying Owner who is not an in-house attorney and any other attorney in his or her firm, their legal assistants and support staff members, but only with respect to Protected Information provided by the Supplying Owner they represent or derived from the Protected Information;

(4) the attorney of record for the Defendant and other attorneys of the Department of Justice, their legal assistants and support staff members;

(5) the attorneys for each department or agency of the Defendant involved with or having information pertaining to this lawsuit, their legal assistants and support staff members;

(6) the employees of the Parties or a Supplying Owner to the extent that they already have had access to the Protected Information sought to be disclosed as part of their employment duties not arising in connection with this litigation;

(7) any other person agreed to by the parties and the applicable Supplying Owner; and

(8) any other person allowed by the Court.

**Identification and Marking of Protected Information**

1. Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "PROTECTED INFORMATION, CT. FED. CL. NO. 06-539 C, SUBJECT TO PROTECTIVE ORDER" or a marking of like import. As for documents, such a legend shall appear at least on the first page of each document believed to contain such Protected Information. Any Protected Information that cannot be conveniently labeled as such shall be so designated by the Party or Supplying Owner by serving a written notice to the receiving Party(ies).

2. The restrictions and obligations relating to Protected Information shall not apply to any document which is not so marked and shall not apply to any document which the parties or Supplying Owner agree, or the Court rules: (i) is public knowledge or becomes public knowledge other than as a result of disclosure by the recipient or (ii) has or shall come into possession of the recipient other than by disclosure as Protected Information in this litigation.

3. A Party or a Supplying Owner may place an appropriate Protected Information marking at a conspicuous location on any exhibits and transcripts for depositions, hearings or trial in this action that the Party or Supplying Owner has determined to contain its Protected Information.

Such a marking shall appear on each page believed to contain such Protected Information. Documents may also be so designated by a statement on the record at the time of the deposition, hearing or trial, or by serving a written notification on the parties within thirty (30) days of the receipt of the transcript or exhibit by the attorney for the designating Party or Supplying Owner. A copy of such written notification, which identifies the specific pages and lines of the transcript or exhibit that contain Protected Information, shall be attached to the face of the transcript or exhibit and each copy of the transcript or exhibit. All information disclosed during a deposition shall be treated as Protected Information until at least thirty (30) days after the transcript has been received by the attorney for the designating Party or Supplying Owner. Digests or synopses of any page containing Protected Information shall be similarly treated and marked. The witness at any time may review the transcript of his or her testimony and any exhibits employed during that testimony.

4. When a Supplying Owner or Party initially produces documents or things for inspection by Qualified Persons for a Party, no marking need be made in advance of the inspection. For the purposes of the inspection, all documents produced shall be treated as containing Protected Information. After the receiving Party has selected specified documents for copying or things for further inspection, the producing Supplying Owner or Party shall appropriately mark the documents or things selected before they are copied or further inspected.

**Disclosure of Protected Information**

5. Except as otherwise provided in this Protective Order, Protected Information obtained in the course of this litigation, and information derived therefrom, may not be disclosed to anyone other than to a Qualified Person and in accordance with the provisions set forth in this Protective Order. This Protective Order pertains to disclosure by a Qualified Person that receives Protected

Information and does not limit the producing Party or Supplying Owner from disclosing Protected Information that it owns or has a right, limited or unlimited, to disclose to others.

6. Each person receiving Protected Information shall be informed of this Protective Order and shall agree to be bound in all respects by its terms. He or she shall signify assent to the terms of this Protective Order by executing, prior to the receipt of the Protected Information, an acknowledgment statement (similar to that in Form A attached hereto) which indicates that he/she has read this Protective Order and agrees to be bound by it. The Qualified Persons who are defined in accord with Paragraph E, subparagraphs (1) through (6), above need *not* execute an acknowledgment statement. Executed acknowledgment statements shall be retained by the attorneys of record.

7. A recipient of particular Protected Information, and any Qualified Person, may discuss such Protected Information with any other person who is not a Qualified Person only to the extent that said person has already had lawful access to such Protected Information independent of any disclosure in this litigation. This Protective Order shall not prohibit any person from reviewing particular Protected Information to the extent that said person had a right to review such Protected Information independent of any disclosure of it as Protected Information in this litigation.

8. A document that contains or reveals Protected Information may be shown to any person indicated by that document to be its originator, its author, or a recipient of a copy.

9. Protected Information may be disclosed to stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings for this action. Although they need not be informed of this Protective Order, they shall acknowledge the confidentiality of the Protected Information and agree to preserve all such information in confidence.

10. A document that contains or reveals Protected Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator. Although the printer, illustrator, or personnel of such copying service need not be informed of this Protective Order, each shall acknowledge the confidentiality of the Protected Information and agree to preserve all such information in confidence.

11. It shall not be a basis, after entry of this Protective Order, for the Parties to refuse to produce documents or things containing information subject to the provisions of this Protective Order, or to divulge information falling within the provisions of this Protective Order, because the document is considered Protected Information. However, Protected Information pertaining to a contemplated competitive procurement may be withheld until an award of the contemplated contract.

**Challenging a Designation of Protected Information**

12. A Party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a Party disagrees at any time with a Protected Information designation made by another Party or Supplying Owner, they shall try in good faith to resolve the dispute on an informal basis. If they cannot resolve the dispute, the objecting Party may seek appropriate relief from the Court upon notice to the designating Party or Supplying Owner. The designating entity shall have the burden of proving that the Protected Information designation is proper.

13. If a Party disputes or challenges the designation of any information as Protected Information, such information shall nonetheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation has been removed by order of the Court or by written consent of the designating Party or Supplying Owner. No Party hereto waives

any right it may have to object on any ground to the admission into evidence at a hearing or trial in this action of any Protected Information.

**Handling and Use of Protected Information**

14. All Protected Information, and any information derived therefrom, shall be used, if at all, only for the purpose of preparing and conducting this litigation. Absent the consent of the entity owning that Protected Information, it shall not be used for any other purpose by or on behalf of any Party, Supplying Owner, or Qualified Person to whom it was disclosed hereunder and who does not own the Protected Information or have a right independent of this Order to disclose it to others.

15. Nothing in this Protective Order, however, shall bar or otherwise restrict any attorney who is a Qualified Person from rendering advice to his client with respect to this litigation, and in the course thereof, from generally referring to or relying upon his examination of materials produced. In rendering such advice or in otherwise communicating with his client, the attorney shall not disclose the specific content of any Protected Information, and any information derived therefrom, where such disclosure would not otherwise be permitted under the terms of this Protective Order.

16. The Court shall have access to all Protected Information. The Clerk of this Court is directed to maintain under seal all documents or things which are filed with the Court and which have been designated as Protected Information. The Clerk shall permit access to such documents or things only to this Court, personnel of the Court authorized to have access, and the attorneys of record.

17. In the event that Protected Information is included in any electronically-filed document, the Party seeking to file such Protected Information shall seek leave to file it electronically under seal. All other documents filed with the Court containing Protected Information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this litigation, the words "CONTAINS PROTECTED INFORMATION" and "SUBJECT TO PROTECTIVE ORDER" as an indication of the nature of the contents.

18. If, during trial or at any hearing in connection with any motion or other proceeding, a Party intends to offer into evidence or disclose any information designated as Protected Information, the Party shall so inform each other Party and the Supplying Owner a reasonable time in advance. If the other Party or Supplying Owner continues to designate such information as Protected Information, the offering Party shall take such steps as are deemed necessary to preserve the protection of such information, *except* that the offering Party may for cause move the Court to remove the designated Protected Information from under the terms of the Protective Order. In any such motion, the Party or Supplying Owner asserting that the information is Protected Information shall bear the burden of establishing that it in fact continues to meet the definition of Protected Information, as set forth in this Order. No Party hereto waives any right it may have to object on any ground to the admission into evidence at a hearing or trial in this action of any Protected Information.

19. Before any Protected Information is summarized, discussed, or otherwise used at any deposition, hearing, or trial in this action, all persons other than stenographic or court personnel and Qualified Persons shall be excluded from such portion of the deposition, hearing, or trial of this action, unless the parties and Supplying Owner otherwise agree, or the Court otherwise orders.

**General Provisions**

20. Neither this Protective Order nor any action taken by any Party or Supplying Owner pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by such Party or Supplying Owner, or of altering the restrictiveness of any information or of altering any existing obligation of any Party or Supplying Owner, or the absence thereof. For example, nothing in this Protective Order shall foreclose any Party or Supplying Owner from opposing production of any information for lack of relevance, privilege, attorney-work product exemption, or any ground other than the assertion that such information is Protected Information.

21. This Protective Order shall be without prejudice to the right of any Party or Supplying Owner to bring before the Court upon reasonable notice to each other Party and the Supplying Owner the question of whether any Protected Information should be protected further than provided in this Protective Order. This Protective Order shall be without prejudice to the right of any Party or the Supplying Owner to seek a modification hereof, by leave of Court.

22. The inadvertent or unintentional disclosure of Protected Information during the course of this litigation, without designating it as Protected Information at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed information is protected, either as to the specific information disclosed or as to any other information relating thereto. In order to maintain its protected status, any such Protected Information must, however, be so designated within ten (10) business days after learning of the inadvertent or unintentional disclosure, and in any event, not later than sixty (60) days after it has been so disclosed.

23. In the event of an unintentional or inadvertent disclosure, the supplying attorney shall immediately take appropriate action to cure the violation and retrieve any Protected Information from any person not covered by the Protective Order.

24. In the event that a new party intervenes, is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

25. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each private Party shall (i) destroy all Protected Information and certify in writing to all parties that such destruction has occurred, or (ii) return the Protected Information to the parties from which the information was received. The Department of Justice, however, may retain one archival copy of the Protected Information documents.

26. This Protective Order represents the complete and entire agreement between the parties with respect to the disclosure and use of Protected Information. It may be amended with leave of the Court or by express order of the Court. It also may be amended as to particular Protected Information as a need may arise by agreement of the parties and Supplying Owner without prior leave of the Court.

27. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this suit.

The foregoing is agreed to and stipulated to by the Plaintiff and the Defendant through their attorneys.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN J. FARGO
Director

[signature]
SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

Date: 3/24/2008

Attorneys for Defendant the United States

Date: 3/24/08

Heidi E. Harvey
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Counsel for Plaintiff Frank C. Gaylord II

* * * * *

SIGNED AND ORDERED ENTERED this 25th day of March, 2008.

Judge Thomas C. Wheeler
United States Court of Federal Claims

FORM A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANK GAYLORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-539C |
| | ) | |
| THE UNITED STATES, | ) | Judge Thomas C. Wheeler |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER REGARDING PROTECTED INFORMATION**

I have read the Protective Order entered in the above action on _____________, 2008, and I agree to be bound in all respects by its terms in relation to the protection of Protected Material. In addition, I hereby submit to the jurisdiction of the United States Court of Federal Claims for the purpose of enforcement of this Protective Order.

_________________
(Date)

_____________________________
(Signature)

_____________________________
(Printed Name)

_____________________________

_____________________________
(Address)