IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANK GAYLORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-539C |
| | ) | |
| THE UNITED STATES, | ) | Judge Thomas C. Wheeler |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATEMENT OF THE RELEVANT CONTRACT CLAUSES AND REGULATIONS**

Pursuant to the Court's Order of March 5, 2008, Defendant the United States ("the government") hereby respectfully submits its Statement of the Relevant Contract Clauses and Regulations. The government contends that the following contract clauses and applicable regulations are relevant to this case:

## I. CONTRACT NO. DACA31-90-C-0057

Parties to the Agreement: (1) William P. Lecky, on behalf of Cooper-Lecky Architects, P.C.; and (2) James A. Ball, on behalf of the United States Army Corps of Engineers

### A. Contract Clause I.37 - DFARS Clause 52.233-0001

Title: DISPUTES (APR 1984)

Text: (a) This contract is subject to the Contract Disputes Act of 1978 (41 U.S.C. 601-613) (the Act).

(b) Except as provided in the Act, all disputes arising under or relating to this contract shall be resolved under this clause.

(c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $50,000 is not a claim under the Act until certified as required by subparagraph (d)(2) below. A voucher, invoice, or other routine request for payment . . . .

(d)(1) A claim by the Contractor shall be made in writing and submitted to the Contracting Officer for a written decision . . . .

(f) The Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in the Act.

**B. Contract Clause I.28 - DFARS Clause 52.227-7022**

Title: GOVERNMENT RIGHTS (UNLIMITED) (MAR 1979)

Text: The Government shall have unlimited rights, in all drawings, designs, specifications, notes and other works developed in the performance of this contract, including the right to use same on any other Government design or construction without additional compensation to the Contractor. The Contractor hereby grants to the Government a paid-up license throughout the world to all such works to which he may assert or establish any claim under design patent or copyright laws. The Contractor for a

period of three (3) years after completion of the project agrees to furnish the original or copies of all such works on the request of the Contracting Officer.

**C. Contract Clause I.29 - DFARS Clause 52.227-7023**

Title: DRAWINGS AND OTHER DATA TO BECOME PROPERTY OF GOVERNMENT (MAR 1979)

Text: All designs, drawings, specifications, notes and other works developed in the performance of this contract shall become the sole property of the Government and may be used on any other design or construction without additional compensation to the Contractor. The Government shall be considered the "person for whom the work was prepared" for the purpose of authorship in any copyrightable work under 17 U.S.C. 201(b). With respect thereto, the Contractor agrees not to assert or authorize other to assert any rights nor establish any claim under the design patent or copyright laws. The Contractor for a period of three (3) years after completion of the project agrees to furnish all retained works on the request of the Contracting Officer. Unless otherwise provided in this contract, the Contractor shall have the right to retain copies of all works beyond such period.

**D. Contract Clause I.30 - DFARS Clause 52.227-7033**

Title: RIGHTS IN SHOP DRAWINGS (APR 1966)

Text: (a) Shop drawings for construction means drawings, submitted to the Government by the Construction Contractor, subcontractor or any lower-tier subcontractor pursuant to a construction contract, showing in detail (i) the proposed fabrication and assembly of structural elements and (ii) the installation (i.e., form, fit, and attachment

details) of materials or equipment. The Government may duplicate, use, and disclose in any manner and for any purpose shop drawings delivered under this contract.

(b) This clause, including this paragraph (b), shall be included in all subcontracts hereunder at any tier.

## II. LETTER AGREEMENT BETWEEN FRANK GAYLORD AND COOPER-LECKY ARCHITECTS, P.C. DATED DECEMBER 9, 1992

Parties to the Agreement: (1) William P. Lecky, on behalf of Cooper-Lecky Architects, P.C.; and (2) Frank C. Gaylord, on behalf of F.C. Gaylord Studios, Inc.

### A. Preamble

Text: The Client in this Agreement shall mean the Corps of Engineers, the American Battle Monuments Commission and the Korean War Veterans Memorial Advisory Board

### B. Section I

Text: Task 4 - Making revisions or replacement figures for sketches or maquettes as required to gain approvals from CLA, the Client and appropriate agencies.

. . .

The Artist shall perform the Work at its studios in Barre, Vermont, and such other places as the parties shall agree. The Artist shall deliver the sketches in Task 1 to CLA for review by the Reviewing Agencies and shall make the maquettes in Task 3 available to CLA and the Reviewing Agencies for review at the Artist's studio in Barre, Vermont.

**C. Section II**

Text: The Architect is responsible for ensuring the appropriate design integration of all the component parts, including the sculpture, into the overall design of the Memorial. The Artist will be guided by comments by the Architect during the development process. No work will be presented to the Client without the Architect's concurrences or approval.

**D. Section III**

Text: This contract shall be subject to the following provisions of the Prime Agreement . . . the specific provisions articulated in section and paragraphs I. 11, 15, 16, 18, 22, 23, 24, 26, 27, and 30 to the extent they are relevant and pertaining to subconsultants or sub-contracts, except as may be modified by other provisions of this agreement.

**E. Section V.B.2**

Text: It is the intention of this Agreement to provide a complete service for the sculpture as generally approved by the Client and the Commission fo Fine Arts. Where minor adjustments are required by the Client, they will be made by the Artist at no added expense to the Client. Where major changes to scope or procedure are required, the Artist shall obtain the Architect's and Client's prior authorization for additional services which will cause the estimated budget to be exceeded.

**F. Section VI.A**

Text: Copyright ownership of the work of art shall be covered in a separate agreement.

## III. AMENDMENT TO LETTER AGREEMENT BETWEEN FRANK GAYLORD AND COOPER-LECKY ARCHITECTS, P.C. DATED JANUARY 25, 1994

Parties to the Agreement: (1) William P. Lecky, on behalf of Cooper-Lecky Architects, P.C.; and (2) Frank C. Gaylord, on behalf of F.C. Gaylord Studios, Inc.

### A. Scope of Work Section

Text:

1. Assistance in applying the finishing touches to the clay enlargements fabricated by the Foundry, including the sculpting of the faces, which have not yet been approved by the client.
2. Review, touch-up (if required), and approval of the wax enlargements prior to fabricating the ceramic molds.
3. Review and approval of finishing samples.
4. Review and approval of the overall array of the clay enlargements.
5. Final touch-up to the finishing of the cast figures.
6. Participation in the placement of the cast figures at the memorial on the Mall.

### B. Other Contractual Matters Section

Text: The copyright for this work will be held by the Artist, but its use and compensation for that use will be managed by the Architect. All agreements for the use of that copyright, however, will be jointly approved by the Artist and the Architect. The terms of that agreement are articulated under a separate contract. This Agreement is dependent on acceptance of the copyright agreement by all parties.

## IV. AGREEMENT FOR COPYRIGHT LICENSING PROGRAM DATED FEBRUARY 8, 1995

Parties to the Agreement: (1) William P. Lecky, on behalf of Cooper-Lecky Architects, P.C.; (2) William P. Lecky, on behalf of KWVM Production, Inc.; and (3) Frank C. Gaylord, on behalf of F.C. Gaylord Studios, Inc.

Text: 1. Cooper-Lecky, on its own behalf and on behalf of the Client, acknowledges that Gaylord is the sole author of the Soldier Sculptures to become part of the overall Memorial, the Soldier Sculptures constituting a contribution to the collective work embodied by the Memorial as a whole. . . .

2. Gaylord agrees to grant and does hereby grant to Productions the exclusive right and license to do, or to authorize and license others to do the following: reproduction of the Gaylord Work, preparation of derivative works based on the Gaylord Work . . . .

5. Gaylord acknowledges that Cooper-Lecky is the sole author of the collective work embodied by the overall Memorial, ("Cooper-Lecky Work") it being understood that such Cooper-Lecky Work includes, among others, the individual soldier sculptures authored by Gaylord and the individual Mural authored by Nelson and which constitute separate and independent works in themselves.

6. Cooper-Lecky is now and shall continue to be the sole owner of its copyright in the Cooper-Lecky Work, whereas Gaylord and Nelson shall retain ownership of the copyrights in their respective contributions.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOHN J. FARGO
Director

s/ Scott Bolden
SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

May 16, 2008

Attorneys for Defendant the United States