ORIGINAL

FILED

MAY 2 0 2008

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

By leave of the Judge

FRANK GAYLORD,

Plaintiff,

v.

THE UNITED STATES OF AMERICA;

Defendant.

No.: 06-539C

Judge Thomas C. Wheeler

## PLAINTIFF'S FINAL PRE-TRIAL MEMORANDUM

In accordance with the Joint Final Pre-Trial Order, Plaintiff Frank Gaylord submit the following Final Pre-Trial Memorandum.

Plaintiff proposed exchanging submissions with the government in advance for the purpose of preparing a Joint Memorandum. The government stated that it read this Court's Final Pre-Trial Order as contemplating separate submissions, except for stipulated facts.

### A. **Stipulations of Fact**.

The parties have prepared, signed and filed Stipulated Uncontested Material Facts in a separately captioned document of even date.

### B. **Contested Facts**

Plaintiff's contested facts are shown below. Stipulated facts, shown in bold below, have been included as they appear in the signed stipulation, for ease of understanding the chronology and narrative of the contested facts.

1. **The Plaintiff, Frank C. Gaylord II, resides in Barre, VT (Stipulated Fact 1).**

2. The United States Postal Service ("Postal Service") is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. Section 201.  The Postal Service has offices and branches throughout the United States. (Stipulated Fact 2).

3. Cooper-Lecky Architects ("CLA") was the prime contractor under the Department of the Army contract for the creation, construction and installation of the Korean War Veterans Memorial ("KWVM") (Stipulated Fact 3).

4. During 1990, CLA sponsored an open competition to select the figural sculptor for the sculptural component to be included in the KWVM.  Mr. Gaylord participated in the competition and was selected as sculptor (Stipulated Fact 4).

5. In 1990, Frank C. Gaylord II ("Frank Gaylord") was a sculptor of recognized stature with a record of significant public works, including larger than life size sculpture in granite and cast metal.

6. The materials setting forth the sculpture selection criteria are silent on the subject of copyrights and conveyance of copyright rights was not a condition of the award of the commission for the sculptural works.

7. The work-in-suit is sculpture that features 19 statues representing a platoon of soldiers in formation.  It is entitled "The Column" and it is part of the KWVM on the National Mall in Washington, D.C. (Stipulated Fact 5).

8. "The Column" was completed and installed as part of the KWVM in 1995. (Stipulated Fact 6).

9. The KWVM was dedicated on July 27, 1995, the forty-second anniversary of the armistice of the Korean War. (Stipulated Fact 7).

10. Generally speaking, the KWVM consists of three primary components:  "The Column" sculpture; the mural wall; and the reflecting pool. (Stipulated Fact 8).

11. **CLA selected an artist named Louis Nelson as the muralist for the mural wall. CLA was responsible for designing the reflecting pool. (Stipulated Fact 9).**

12. Frank Gaylord was self-employed during the entire period of his work on the sculptural figures which extended from approximately mid-1990 (selection) to mid-1995 (installation).

13. **Mr. Gaylord was assisted by his son-in-law, John Triano. Mr. Triano helped Mr. Gaylord with some of the labor of creating "The Column," and was responsible for handling the business, the accounting, and the paperwork for Mr. Gaylord's studio. (Stipulated Fact 10).**

14. After selection as sculptor and after Mr. Gaylord had begun to work on the sculpture, CLA asserted the right to obtain ownership of the copyrights in the Work on behalf of the government and attempted to force Mr. Gaylord to assign his copyrights by withholding contract payments for Mr. Gaylord's commission work on "The Column."

15. Mr. Gaylord refused to give up his copyright rights in "The Column."

16. CLA expressly excluded all the provisions of Army prime contract relating to copyrights from the sub-contract that it entered into with Frank Gaylord on January 19, 1993 (para. III) and stated that "copyright ownership of the work of art shall be covered in a separate agreement," (para. VI, A). CLA expressly agreed that the artist would have the right to a credit line on the completed design and any visual representation embodying such designs...." (para. VI, C).

17. In May 1994, CLA reported to Frank Gaylord that the government, through the Army Battle Monuments Commission, had withdraw all claim for copyright ownership and/or royalties in the sculpture.

18. In February 1995, Gaylord entered into an agreement with CLA which permitted CLA to license the work "The Column" subject to prior approval by Frank Gaylord and an agreed royalty schedule.

19. In the February 1995 agreement, CLA acknowledged that Frank Gaylord was the sole owner of the copyright in the Work.

20. Gaylord expressly terminated the agreements and CLA's licensing authority for breach in October 1995.

21. Frank Gaylord is the sole contributor of original, copyrightable subject matter to the 19 larger than life size sculptural figures of soldiers in formation (the "Work"), which became known as "The Column."

22. **Mr. Gaylord submitted copyright applications for the copyright registrations on the work "The Column" and received certificates of registration for the same (Stipulated Fact 11).**

23. Gaylord received, among others, the following United States Copyright Registrations for "The Column:" United States Copyright Registration Nos. VAu 280 954, registered November 15, 1993; VAu 280 955, registered November 18, 1993, VAu 306 934, registered August 12, 1994, and Vau 342 493, registered May 1, 1995; and United States Copyright Registration VA 716-095 issued May 1, 1995.

24. **In January 1996, a photographer named John Alli visited the KWVM during a snowstorm and took a photograph (the "Alli Photo"). (Stipulated Fact 12).**

25. **In 2002, the United States Postal Service ("Postal Service") decided to issue a 37-cent postage stamp commemorating the fiftieth anniversary of the armistice of the Korean War. The Postal Service decided to incorporate the Alli Photo into the stamp image. (Stipulated Fact 13).**

26. **On July 27, 2003, the Postal Service issue the stamp (the "Stamp"). (Stipulated Fact 14).**

27. The Stamp depicted an image of "The Column" showing several of the figures, including the lead figure, in the snow.

28. The mural wall and the reflecting pool are now shown in the Stamp.

29. The only portion of the KWVM shown in the stamp is "The Column."

30. John Alli did not seek Frank Gaylord's permission to put the Alli Image on the Stamp.

31. John Alli advised the Postal Service that they would need, in addition to his permission, the permission of the owner of the copyright in the sculpture.

32. **The Postal Service did not seek Mr. Gaylord's permission to depict the work "The Column" on the Stamp or any related retail goods. (Stipulated Fact 16).**

33. Frank Gaylord did not give permission, express or otherwise, for the Postal Service to use an image of "The Column" on the Stamp.

34. A search of copyright office records in 2002 would have identified Frank Gaylord as the author and owner of the copyrights in "The Column."

35. **The Postal Service produced approximately 86.6 million Stamps before the Stamp was retired on March 31, 2005, as well as a variety of other retail goods featuring the image of the Stamp. (Stipulated Fact 15).**

36. **The Stamp and the retail goods did not identify Mr. Gaylord as the sculptor of "The Column." (Stipulated Fact 17).**

37. The Postal Service generated revenue from the sale of stamps and merchandise bearing copies of the copyrighted work "The Column."

38. The Postal Service denied Frank Gaylord's ownership of the copyright in "The Column" and refused to compensate Frank Gaylord for its use of the copyrighted work "The Column."

39. The Postal Service printed 86,800,00 stamps bearing the copyrighted work 'The Column' and has asserted that it retired 6.86% of them.  The difference represents 80,845,520 stamps with a  total sales revenue potential of $29,912.842.50.

**40. The Postal Service admits to receiving $17,726,917.19 from the sale of 47,910,587 stamps, excluding those stamps that were included in other philatelic merchandise (Stipulated Fact 18).**

41. The Postal Service has not accounted for the disposition of the stamps representing the difference between 80,845,520 stamps that were "not retired" and the 47,910,587 stamps that were admittedly sold.

42. The Postal Service ran at an overall gross profit of 1% during the period in which the infringement occurred. G1727.

43. The Postal Service did a stamp retention survey that showed that at least $5.4MM in Korean War Veterans Memorial Stamps that were sold in 2003 alone were retained by households that did not intend to exchange them for postal services.

44. Stamps which the Postal Service's own studies show are retained should be treated, for purposes of royalty calculations, as "merchandise" and not pre-paid postage.

45. David Faillor, the Manager of Stamp Services at the time of the issuance of the Stamp at issue here, described Postal Service profits of $100-200MM per year as a result of "retained" stamps in an interview with USA Today in May 2005.

46. The Postal Service sold $330,919.49 in other retail goods that were not stamps per se that that were based upon or incorporated principally the Stamp image at an overall gross profit of 80%.

47. **The Postal Service licensed third parties at a royalty of 8% of net sales for the non-exclusive right to use the image of Stamp on retail goods. The Postal Service received $17,831.93 in revenue from these licenses. (Stipulated Fact 19).**

48. Frank Gaylord has licensed the work "The Column" in arms length transactions at a rate of 10% of direct sales of merchandise. .

49. Frank Gaylord has historically used a royalty rate of 10% of merchandise sales as a reasonably royalty rate.

50. Frank Gaylord has negotiated the right to receive 15-25% of the revenue from sub-licensing rights in the work "The Column."

51. Frank Gaylord is entitled to a royalty of at least 10% on merchandise and retail sales of the Stamp, including those stamps that were retained.

52. Frank Gaylord is entitled to reasonable compensation on the sales of stamps that were sold and not retained.

53. **Stipulated Fact 20: The following revenues and costs are associated with the retail goods that featured the Stamp:**

| Product | Revenues | Costs |
|---|---|---|
| The American Commemorative Panel | $63,792.25 | $15,990.00 |
| Cancellation Pages | $23,360.00 | $2,250.00 |
| American Commemorative Collection Sheets | $34,703.50 | $1,195.00 |
| First Day of Issuance Ceremony Program | $2,341.35 | $0.00 |
| First Day of Issue Covers | $9,650.25 | $2,580.90 |
| Cancellation Keepsake (pane of 20 stamps with First Day of Issue Cover) | $36,153.40 | *See NOTE |
| Lapel Pin | $25,481.84 | $23,278.00 |
| Postcard | $9,407.68 | $5,591.00 |
| Magnet | $11,571.51 | $12,051.00 |

| Framed Art | $114,457.71 | $68,472.60 |
| --- | --- | --- |

**\*NOTE:  The parties dispute the Postal Service's costs associated with the Cancellation Keepsake.**

## C. <u>Applicable Contract Clauses and Regulation</u>

### 1. <u>Relevant Contracts</u>

Plaintiff does not rely upon any contract for his claim of copyright infringement.  He relies upon the rights of the author of a copyrighted work set forth in Title 1, U.S.C.

In rebuttal of defendant's expected contention that plaintiff was subject to an obligation to assign or license rights to the government by virtue of the prime contract between the Department of the Army and Cooper-Lecky Architects, plaintiff will rely upon the contract dated January 19, 1993 between Cooper-Lecky Architects which specifically excluded the copyright provisions of the prime contract that related to copyright rights.

In further rebuttal of the expected contention that plaintiff conveyed sufficient rights to Cooper-Lecky Architects for CLA to authorize the Postal Service to use "The Column" on the Stamp, plaintiff will rely upon the Agreement for Copyright Licensing Program dated February 8, 1995 between Cooper-Lecky Architects, KWVM Productions, Inc., and Frank C. Gaylord, in CLA represented that the government made no claim regarding the copyright in the authorship of Frank Gaylord, Preamble, para. D, and agreed that Gaylord was the sole owner of the copyrights in the "sculptural elements ('Soldier Sculptures')."  The agreement made CLA the licensing agent for Gaylord for a time, but Gaylord expressly terminated CLA's agency prior to the time that the subject photo of the stamp was created.

2. Contested Regulations

Plaintiff understand that defendant may contend that 28 U.S.C. Section 1498 sets a maximum recovery of $750 in statutory damages per work.  Plaintiff will not presage defendant's arguments except to note that the government's interpretation is contrary to the plain language of the statute and would render other express terms regarding damages in the same clause meaningless if adopted and is against case law interpretation of the provision.

D. **Plaintiff's Proposed Conclusions of Law**

1. The work "The Column" constitutes copyrightable subject matter. 17 U.S.C. Section 102(5).

2. The work 'The Column' constitutes a work of "visual art" within the meaning of the Visual Artists Right Act, 17 U.S.C. Section 106A.

3. Frank C. Gaylord is the sole author and owner of the copyrightable subject matter consisting of the 19 sculptural figures known as "The Column." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989).

4. Frank C. Gaylord duly registered his copyrights in the work "The Column," which registrations are valid and subsisting and in full force and effect. 17 U.S.C. Section 410.

5. No person or entity other than Frank Gaylord had the right to authorize the use of the image of "The Column" on the Stamp at the time the Stamp was issued.

6. The copies of "The Column" that appear on the Postal Service Stamps and merchandise are substantially similar in appearance to Frank C. Gaylord's copyrighted work. 17 U.S.C. Section 501(a).

7. The Postal Service's use of the work "The Column" was unauthorized.

8. The Postal Service's use of the work "The Column" constituted copyright infringement.

9. The Postal Service's failure to attribute authorship of the work "The Column" to Frank Gaylord violated Mr. Gaylord's rights under the Visual Artists Rights Act, 17 U.S.C. Section 106A.

10. Gaylord is entitled to a reasonably royalty on the revenue generated by sales of stamps and merchandise bearing infringing copies of the Work. 28 U.S.C. Section 1498(b); 17 U.S.C. Section 504(a)-(b); *Leesona Corp. v. United States*, 599 F.2d. 958, 969 (Ct. Cl. 1979);*Georgia-Pacific Corp. v. United State Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), modified 446 F.2d. 295 (2d Cir. 1971).

11. Gaylord is entitled to royalties at the rate of at least 10% on sales of stamps that were retained and not intended to be exchanged for postal services, which is a minimum royalty of approximately $536,500.00. Because the Postal Service has not provided complete data for stamps retained, although it is aware of the numbers, Gaylord reserves the right to assume all stamps not accounted for as sold in exchange for postal services based upon record evidence to be "retained" and therefore subject to a 10% royalty.

12. Gaylord is entitled to a royalty at the rate of at least 1% on sales of stamps that were purchased for the purpose of being exchanged for postal services, which is a number to be determined after the number of stamps "retained" is establish.

13. Gaylord is entitled to a 10% royalty on the sale of merchandise, which is a minimum royalty of $34,875.14.

14. Gaylord is entitled to pre-judgment interest from July 27, 2003, to the date of judgment in an amount and based upon a rate to be determined by the Court. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56, 76 L. Ed. 2d 211, 103 S. Ct. 2058 (1983)( Prejudgment interest compensates the injured party for the loss of the use of money he would otherwise have had."); *Waite v. United States*, 282 U.S. 508, 509, 75 L. Ed. 494, 51 S. Ct. 227 (1931)(Section 1498(b)'s

requirement of "reasonably and entire compensation" includes pre-judgment interest on monies plaintiff would have had the use of but for the infringement).

### E. **Proposed Trial Exhibits**

A list of plaintiff's proposed trial exhibits is attached as Exhibit 1.

### F. **Witnesses**

1. The parties have discussed the key witnesses in the case and have agreed to make witnesses in each other's control available for trial without subpoena in the event the other party wishes to call that person in their case in chief.

Specifically, Plaintiff has agreed to make Mr. Gaylord and Mr. Triano available to the government without subpoena.

The Postal Service has agreed to make current employees available without subpoena.

The Postal Service has also stated that it intends to subpoena Mr. Lecky and Mr. Alli and that Plaintiff may call those witnesses in their case in chief pursuant to their appearance in response to the government's subpoena.

2. Plaintiff will call the following witness in its case in chief:

(a) Frank C. Gaylord II, 25 Delmont Ave, Barre, VT 0564

Mr. Gaylord will testify as to his training and experience as a sculptor, his selection as the sculptor for the Korean War Veterans' Memorial, his creation and completion of the work "The Column," including how he converted uncopyrightable ideas communicated to him by various persons into tangible, copyrightable expression in the work; his communications, negotiations and agreements with Cooper-Lecky Architects regarding the work and copyright ownership; his registration of the

copyrights in suit, his discovery of the infringement by the Postal Service, and his claim for just compensation for the Postal Service's use of the Work.

Mr. Gaylord may also testify as to his personal knowledge and experience regarding agreed royalty rates for the use of the Work, including his opinion that a royalty rate of 10% of sales is a reasonable royalty for the non-exclusive use of a copyrighted work.

(b) David Faillor, Executive Director, Stamp Services, 1735 North Lynn St. Suite 5018, Arlington, VA  22209-6432.

Mr. Faillor will be called as an adverse witness in plaintiff's case-in-chief to obtain admissions regarding the intention and the achievement of the Postal Service to issue stamps that are retained and not exchanged for postal services, the awareness of the Postal Service, including at the time the Stamp at issue here was issued, of the copyright rights in authors for subject matter depicted on stamps, and the knowledge of the Postal Service that at least $5.4MM worth of the Stamp were sold in 2003 that were intended to be retained, i.e., that were de facto "merchandise," which contributed direct profit to the Postal Services overall operations.  Mr. Faillor will be asked the total amount of sales of the Stamp that represent stamps retained and not intended to be exchanged for postal services and the overall gross profit margin of the Postal Service during the years 2003-2005.

3.  Plaintiff may call the following witnesses in its case in chief:

(a) John Triano, 2713 Stony Brook Road, Northfield, VT  05663

Mr. Triano may testify as to Frank Gaylord's selection as the sculptor for the Korean War Veterans' Memorial, the nature of his participation in the creation of the "Work;" communications, negotiations and agreements with Cooper-Lecky Architects regarding the work and copyright ownership; the payments, expenses, and other revenues and costs of Frank Gaylord during the creation of the Work; and the notices to third parties regarding unauthorized uses of the Work and the resolution of same.

(b) William Lecky, 12448 Waggaman Circle, McLean, VA 22101.  This is believed to be a correct address but is not confirmed.

Mr. Lecky may be called as an adverse witness in plaintiff's case in chief.  If called, he is expected to admit that he admitted Frank Gaylord's sole ownership of the copyright in the work "The Column," that he knew that he had no rights in the Work after 1995, that he wrongfully withheld payments due and owing to Frank Gaylord under the Army contract for commission work in an attempt to offset those payments by amounts he claimed to be owed under the short-lived private copyright license agreement between the parties, and that he expressly represented to Frank Gaylord that the Army had given up any claim in the copyright in the work "The Column," as of May 1994.

(c) Eric F. Mulch, Esq., United States Postal Service Law Department, Civil Practice Section, 475 L'Enfant Plaza SW Room 6425, Washington, D.C. 20260-1127

Mr. Mulch certified the government's responses to Interrogatories Nos. 9 and 10, which plaintiff proposes to offer in evidence.  Mr. Mulch may be called as an adverse witness in plaintiff's case in chief to elicit admissions regarding the Postal Service's revenues and costs of stamps and merchandise bearing the stamp image if the Postal Service objects to the admission of their interrogatory responses.

Gaylord also reserves the right to cross-examine the above witnesses if they are called in the defendant's case-in-chief, whether or not they are called in the plaintiff's case.

Dated: May 16, 2008

/s/Heidi E. Harvey

_____

Heidi E. Harvey
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070
(617) 542-8906

Attorney for Plaintiff Frank Gaylord

## **PROOF OF SERVICE**

I am employed in the County of 225 Franklin Street

Boston, MA 02110, my business address is Fish & Richardson P.C., 225 Franklin Street, Boston, Massachusetts 02110-2804.  I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On May 16, 2008, I caused a copy of the following document(s):

PLAINTIFF'S FINAL PRE-TRIAL MEMORANDUM

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

Scott Bolden, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C.  20530

| | | |
|---|---|---|
| [x] | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |
| [x] | **Electronic Mail** | Such correspondence was transmitted on the same day by electronic mail service |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct.  Executed on May 16, 2008, at Boston, MA.

/s/Heidi E. Harvey

**FRANK GAYLORD**

V.

**UNITED STATES OF AMERICA**

**UNITED STATES COURT OF FEDERAL CLAIMS: 06-539C**

**PLAINTIFF'S PROPOSED TRIAL EXHIBIT LIST**

| PLT. EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 1 | ORIGINAL-The Korean War Veterans Memorial Sculptor Selection Procedure | < March 1990 | Triano & Gaylord Depo. Ex. 20 FG 000922-25 | |
| 2 | ORIGINAL -Resume of Frank Chalfant Gaylord II | Approx. March 1990 | Gaylord Depo. Ex. 28 FG 001046-48 | |
| 3 | ORIGINAL- Portfolio of Frank Gaylord II Works, Photos of Studio and Workshops | Approx. March 1990 | Gaylord Depo. Ex. 41A FG 001409-123 | |
| 4 | ORIGINAL-Slide Presentation (narration text) | Approx. March 1990 | Gaylord Depo. Ex. 41B FG 00124-00130 | |
| 5 | ORIGINAL-Requested Statement | Approx. March 1990 | Gaylord Depo. Ex. 41C | |

1

| PLT EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 6 | ORIGINAL.–United States Copyright Registration VAu 187 193 "Korean War Memorial Sketch Models" and author's copy (photographs) of deposit materials | 1990-07-26 | FG000004-000009 | |
| 7 | "Mine" A Short Essay on Being Oppressed to Give up My Copyrights to My Sculpture Figure Composition of Sixteen or Nineteen Men, Give up My Copyrights to a Powerful Agency Who Would Take the Credit and Proceeds for My Work on The Korean War Veterans Memorial | 1992-11-02 | AMG 000246 | |
| 8 | Letter Agreement re artists' services between Gaylord and Cooper-Lecky Architects | 1993-01-14 | Triano Depo. Ex. 21 FG 00148-54 | |
| 9 | Certified Copy of United States Copyright Registration No. VAu 280 954 "The Column" | 1993-11-15 | | |
| 10 | Author's copy of United States Copyright Registration VAu 280 954 "The Column" and deposit materials (photographs) | 1993-11-15 | FG 000213-000214 | |

| PLT EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 11 | Certified Copy of United States Copyright Registration No. VAu 280 955 "The Column" | 1993-11-18 | | |
| 12 | Author's copy of United States Copyright Registration VAu 280 955 "The Column" and deposit materials (photographs) | 1993-11-18 | FG 000215-000216 | |
| 13 | Amendment to Letter Agreement re artists' service between Gaylord and Cooper-Lecky Architects | 1994-01-25 | Triano Depo. Ex. 27 FG 00234-36 | |
| 14 | Letter from Lecky to Louis Nelson and Gaylord re: withdrawn claim for copyright ownership and Advisory Board issues | 1994-05-09 | Triano Depo. Ex. 22 FG 000242-43 | |
| 15 | Certified Copy of United States Copyright Registration No. VAu 306 934 "The Column" and deposit materials | 1994-08-12 | | |
| 16 | Author's copy of United States Copyright Registration VAu 306 934 "The Column" | 1994-08-12 | FG 000256-000257 | |

3

| PLT. EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 17 | Agreement for Copyright Licensing Program entered into 8 February 1995 between F.C. Gaylord Sculpture Studios, Cooper-Lecky Architects, and KWVM Productions | 1995-02-08 | Triano Depo. Ex. 16 | |
| 18 | Master License Agreement entered into 13 March 1995 between F.C. Gaylord Sculpture Studios, and Korean War Veterans Memorial Dedication Foundation | 1995-03-13 | Triano Depo. Ex. 17 | |
| 19 | Certified Copy of United States Copyright Registration No. VAu 342 493 "The Column" and deposit materials | 1995-05-01 | FG 000370-382 | |
| 20 | Author's copy of United States Copyright Registration No. VAu 342 393 "The Column" and copies of deposit materials | 1995-05-01 | FG 000343-350 | |
| 21 | Certified Copy of United States Copyright Registration No. VA 716-095 "The Column" and deposit materials | 1995-05-01 | FG 000412-413 | |

4

| PLT EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 22 | Author's copy of United States Copyright Registration No. VA 716-095 "The Column" and deposit materials | 1995-05-01 | FG 000411-000412 | |
| 23 | Photo-KWVM Dedication Monument | 1995-07-27 | Gaylord Dep. Ex. 42, p. 124; FG 001184 | |
| 24 | Letter from Gaylord to Lecky regarding termination of agreement | 1995-09-03 | Triano Depo. Ex. 25 FG 000520-21 | |
| 25 | Letter from Andrew Morton to Triano re Korean War Veterans Memorial acceptance of terms | 2002-08-31 | Triano Depo. Ex. 18 FG 000791 | |
| 26 | ORIGINAL-Korean War Veterans Memorial sheet of stamps | 2003-07-27 | Triano & Gaylord Depo. Ex. 24 FG 000857 | |
| 27 | ORIGINAL-Korean War Veterans Memorial merchandise examples (postcard, pin and magnet) | 2003-07-27 | Postcard: Triano Depo. Ex. 23; FG 000856 Pin: FG 000855 Magnet: FG000854 | |

| PLT EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 28 | Printout-USPS Website Announcement of Issuance of Korean War Commemorative Stamp | 2003-07-27 | | |
| 29 | National Stamp Retention | 2003-12 | GO2408-2466 | |
| 30 | "Stamp collectors mean big business to post office" USA TODAY | 2005-05-15 | FG 001345-1347 | |
| 31 | Settlement Agreement between Gaylord and Alli | 2007-04-25 | G02301-2317 Triano Ex. 19 | |
| 32 | Defendant's Response to Interrogatory No. 9 | 2007-09-26 | | |
| 33 | Defendant's Response to Interrogatory No. 10 | 2007-09-26 | | |
| 34 | Defendant's First Supplemental Response to Interrogatory No. 9 | 2007-11-15 | | |
| 35 | ORIGINAL-DVD of Work Retrospective by Frank Gaylord II | 2007-10-31 | Gaylord Depo. Ex. 40 FG 001321 | |
| 36 | Plaintiff's Summary of Damages Claim, Exhibit E to Plaintiff's Response to Defendant's Interrogatory No. 8 | 2008-01-02 | | |

6

| PLT EXH. NO. | DOCUMENT DESCRIPTION: | DATE: | BATES NO./DEPO. EX. NO. OR OTHER IDENTIFIER | OBJECTIONS: |
|---|---|---|---|---|
| 37 | Plaintiff s Updated Summary of Damages | 2008-05-16 | | |

7

Docket No. **O6-539**

# UNITED STATES COURT OF FEDERAL CLAIMS

**MEMORANDUM**

TO:      JUDGE **Wheeler**

FROM:    CLERK'S OFFICE

The attached was received on **5/19/08**
and the following defect(s) is/are noted:

1. **✓**    Untimely, due to be filed by **5/16/08** [Rule 7.2]

2. ____    Proof of service: [Rule 5.2]
   ____ is missing; ____ is not signed and/or dated;
   ____ shows service on wrong attorney or of wrong item;
   ____ is not attached to each document or copy

3. ____    Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ____    Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ____ | 5.3(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ____ | 5.3(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief <u>and</u> in front of the appendix |
| ____ | 5.3(b) | Re: length of briefs or memorandum |
| ____ | 5.4(c) | Re: binding |
| ____ | 5.4(d) | Re: original/copies missing |
| ____ | 5.4(g) | Re: Judge's name on all filings |
| ____ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ____ | 24(c) | Re: motion to be accompanied by a pleading |
| ____ | 52.1(b) | Re: statement of facts and/or counter-statement of facts is missing |
| ____ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ____ | 77.1(a) | Re: improper use of the night box |
| ____ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ____ | _____ | Re: _____ |

5. ____    Original affidavit(s)/declaration(s) is/are missing
6. **/**    No provision in the Rules (or court order) for the filing of this item
7. **✓**    This case has been designated as an **_ECF_** case.
8. ____    _____

**Derek**

Deputy Clerk

**To:**       **CLERK'S OFFICE**

        **THE ATTACHED ITEM IS TO BE:**

__X__       Filed by my leave, **OR**,

## *PURSUANT TO THE ACCOMPANYING ORDER:*
### *(Note - This is a separately written order)*

_____       Filed by leave of the judge and party is being notified for correction of defect(s) as to future filings.

_____       Returned to party for correction of defects, with the document to be filed by leave of the judge, if it is out of time, with opposing counsel's time to respond to run from the date of re-service.

_____       Returned to party for correction of defect(s).

_____       Returned to party.

Thomas C. Wheeler
_____
Signature

May 20, 2008
_____
Date