IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FRANK GAYLORD,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA;<br>Defendant. | No.: 06-539C |

**PLAINTIFF'S WITNESS LIST**

Plaintiff, Frank Gaylord ("Gaylord"), hereby respectfully submits its Witness List, pursuant to the Pretrial Order filed March 5, 2008.

1. The parties have discussed the key witnesses in the case and have agreed to make witnesses in each other's control available for trial without subpoena in the event the other party wishes to call that person in their case in chief.

Specifically, Plaintiff has agreed to make Mr. Gaylord and Mr. Triano available to the government without subpoena.

The Postal Service has agreed to make current employees available without subpoena.

The Postal Service has also stated that it intends to subpoena Mr. Lecky and Mr. Alli and that Plaintiff may call those witnesses in their case in chief pursuant to their appearance in response to the government's subpoena.

2. Plaintiff will call the following witness in its case in chief:

(a) Frank C. Gaylord II, 25 Delmont Ave, Barre, VT 0564

Mr. Gaylord will testify as to his training and experience as a sculptor, his selection as the sculptor for the Korean War Veterans' Memorial, his creation and completion of the work "The

Column," including how he converted uncopyrightable ideas communicated to him by various persons into tangible, copyrightable expression in the work; his communications, negotiations and agreements with Cooper-Lecky Architects regarding the work and copyright ownership; his registration of the copyrights in suit, his discovery of the infringement by the Postal Service, and his claim for just compensation for the Postal Service's use of the Work.

Mr. Gaylord may also testify as to his personal knowledge and experience regarding agreed royalty rates for the use of the Work, including his opinion that a royalty rate of 10% of sales is a reasonable royalty for the non-exclusive use of a copyrighted work.

(b) David Failor, Executive Director, Stamp Services, 1735 North Lynn St. Suite 5018, Arlington, VA 22209-6432.

Mr. Failor will be called as an adverse witness in plaintiff's case-in-chief to obtain admissions regarding the intention and the achievement of the Postal Service to issue stamps that are retained and not exchanged for postal services, the awareness of the Postal Service, including at the time the Stamp at issue here was issued, of the copyright rights in authors for subject matter depicted on stamps, and the knowledge of the Postal Service that at least $5.4MM worth of the Stamp were sold in 2003 that were intended to be retained, i.e., that were de facto "merchandise," which contributed direct profit to the Postal Services overall operations. Mr. Failor will be asked the total amount of sales of the Stamp that represent stamps retained and not intended to be exchanged for postal services and the overall gross profit margin of the Postal Service during the years 2003-2005.

3. Plaintiff may call the following witnesses in its case in chief:

(a) John Triano, 2713 Stony Brook Road, Northfield, VT 05663

Mr. Triano may testify as to Frank Gaylord's selection as the sculptor for the Korean War Veterans' Memorial, the nature of his participation in the creation of the "Work;" communications,

negotiations and agreements with Cooper-Lecky Architects regarding the work and copyright ownership; the payments, expenses, and other revenues and costs of Frank Gaylord during the creation of the Work; and the notices to third parties regarding unauthorized uses of the Work and the resolution of same.

(b) William Lecky, 12448 Waggaman Circle, McLean, VA 22101. This is believed to be a correct address but is not confirmed.

Mr. Lecky may be called as an adverse witness in plaintiff's case in chief. If called, he is expected to admit that he admitted Frank Gaylord's sole ownership of the copyright in the work "The Column," that he knew that he had no rights in the Work after 1995, that he wrongfully withheld payments due and owing to Frank Gaylord under the Army contract for commission work in an attempt to offset those payments by amounts he claimed to be owed under the short-lived private copyright license agreement between the parties, and that he expressly represented to Frank Gaylord that the Army had given up any claim in the copyright in the work "The Column," as of May 1994.

(c) Eric F. Mulch, Esq., United States Postal Service Law Department, Civil Practice Section, 475 L'Enfant Plaza SW Room 6425, Washington, D.C. 20260-1127

Mr. Mulch certified the government's responses to Interrogatories Nos. 9 and 10, which plaintiff proposes to offer in evidence. Mr. Mulch may be called as an adverse witness in plaintiff's case in chief to elicit admissions regarding the Postal Service's revenues and costs of stamps and merchandise bearing the stamp image if the Postal Service objects to the admission of their interrogatory responses.

Gaylord also reserves the right to cross-examine the above witnesses if they are called in the defendant's case-in-chief, whether or not they are called in the plaintiff's case.

Dated: May 16, 2008

/s/Heidi E. Harvey

Heidi E. Harvey
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070
(617) 542-8906

Attorney for Plaintiff Frank Gaylord

21940483.doc