IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANK GAYLORD,

Plaintiff,

v.

THE UNITED STATES OF AMERICA;

Defendant.

No.: 06-539C

**PLAINTIFF'S STATEMENT OF THE PROPOSED CONCLUSIONS OF LAW**

Pursuant to the Court's Order of March 5, 2008, Plaintiff Frank Gaylord ("Gaylord") hereby respectfully submits its Statement of the Proposed Conclusions of Law.

1. The work "The Column" constitutes copyrightable subject matter. 17 U.S.C. Section 102(5).
2. The work "The Column" constitutes a work of "visual art" within the meaning of the Visual Artists Right Act, 17 U.S.C. Section 106A.
3. Frank C. Gaylord is the sole author and owner of the copyrightable subject matter consisting of the 19 sculptural figures known as "The Column." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989).
4. Frank C. Gaylord duly registered his copyrights in the work "The Column," which registrations are valid and subsisting and in full force and effect. 17 U.S.C. Section 410.
5. No person or entity other than Frank Gaylord had the right to authorize the use of the image of "The Column" on the Stamp at the time the Stamp was issued.
6. The copies of "The Column" that appear on the Postal Service Stamps and merchandise are substantially similar in appearance to Frank C. Gaylord's copyrighted work. 17 U.S.C. Section

501(a).

7. The Postal Service's use of the work "The Column" was unauthorized.

8. The Postal Service's use of the work "The Column" constituted copyright infringement.

9. The Postal Service's failure to attribute authorship of the work "The Column" to Frank Gaylord violated Mr. Gaylord's rights under the Visual Artists Rights Act, 17 U.S.C. Section 106A.

10. Gaylord is entitled to a reasonably royalty on the revenue generated by sales of stamps and merchandise bearing infringing copies of the Work. 28 U.S.C. Section 1498(b); 17 U.S.C. Section 504(a)-(b); *Leesona Corp. v. United States*, 599 F.2d. 958, 969 (Ct. Cl. 1979); *Georgia-Pacific Corp. v. United State Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), modified 446 F.2d. 295 (2d Cir. 1971).

11. Gaylord is entitled to royalties at the rate of at least 10% on sales of stamps that were retained and not intended to be exchanged for postal services, which is a minimum royalty of approximately $536,500.00. Because the Postal Service has not provided complete data for stamps retained, although it is aware of the numbers, Gaylord reserves the right to assume all stamps not accounted for as sold in exchange for postal services based upon record evidence to be "retained" and therefore subject to a 10% royalty.

12. Gaylord is entitled to a royalty at the rate of at least 1% on sales of stamps that were purchased for the purpose of being exchanged for postal services, which is a number to be determined after the number of stamps "retained" is establish.

13. Gaylord is entitled to a 10% royalty on the sale of merchandise, which is a minimum royalty of $34,875.14.

14. Gaylord is entitled to pre-judgment interest from July 27, 2003, to the date of judgment in an

amount and based upon a rate to be determined by the Court. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-56, 76 L. Ed. 2d 211, 103 S. Ct. 2058 (1983)(Prejudgment interest compensates the injured party for the loss of the use of money he would otherwise have had."); Waite *v. United States*, 282 U.S. 508, 509, 75 L. Ed. 494, 51 S. Ct. 227 (1931)(Section 1498(b)'s requirement of "reasonably and entire compensation" includes pre-judgment interest on monies plaintiff would have had the use of but for the infringement).

Dated: May 16, 2008

/s/ Heidi E. Harvey

Heidi E. Harvey
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070
(617) 542-8906

Attorney for Plaintiff Frank Gaylord