IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANK GAYLORD,

            Plaintiff,

    v.

THE UNITED STATES OF AMERICA;

            Defendant.

No.: 06-539C

## PLAINTIFF'S STATEMENT OF THE RELEVANT CONTRACT CLAUSES AND REGULATIONS

Pursuant to the Court's Order of March 5, 2008, Plaintiff Frank Gaylord ("Gaylord") hereby respectfully submits its Statement of the Relevant Contract Clauses and Regulations.  Gaylord contends that the following contract clauses and applicable regulations are relevant to this case:

    1. Relevant Contracts

Plaintiff does not rely upon any contract for his claim of copyright infringement. He relies upon the rights of the author of a copyrighted work set forth in Title 1, U.S.C.

In rebuttal of defendant's expected contention that plaintiff was subject to an obligation to assign or license rights to the government by virtue of the prime contract between the Department of the Army and Cooper-Lecky Architects, plaintiff will rely upon the contract dated January 19, 1993 between Cooper-Lecky Architects which specifically excluded the copyright provisions of the prime contract that related to copyright rights.

In further rebuttal of the expected contention that plaintiff conveyed sufficient rights to Cooper-Lecky Architects for CLA to authorize the Postal Service to use "The Column" on the Stamp, plaintiff will rely upon the Agreement for Copyright Licensing Program dated February 8, 1995 between

Cooper-Lecky Architects, KWVM Productions, Inc., and Frank C. Gaylord, in CLA represented that the government made no claim regarding the copyright in the authorship of Frank Gaylord, Preamble, para. D, and agreed that Gaylord was the sole owner of the copyrights in the "sculptural elements ('Soldier Sculptures')." The agreement made CLA the licensing agent for Gaylord for a time, but Gaylord expressly terminated CLA's agency prior to the time that the subject photo of the stamp was created.

2. <u>Contested Regulations</u>

Plaintiff understand that defendant may contend that 28 U.S.C. Section 1498 sets a maximum recovery of $750 in statutory damages per work. Plaintiff will not presage defendant's arguments except to note that the government's interpretation is contrary to the plain language of the statute and would render other express terms regarding damages in the same clause meaningless if adopted and is against case law interpretation of the provision.

Dated:  May 16, 2008

/s/ Heidi E. Harvey
_____
Heidi E. Harvey
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110
(617) 542-5070
(617) 542-8906

Attorney for Plaintiff Frank Gaylord

21940455.doc