IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FRANK GAYLORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-539C |
| | ) | |
| THE UNITED STATES, | ) | Judge Thomas C. Wheeler |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS AND WITNESSES**

Pursuant to the Court's Order of March 5, 2008, Defendant the United States ("the government") hereby respectfully sets forth its objections to Plaintiff's Exhibit and Witness Lists.

## I. OBJECTIONS TO PLAINTIFF'S EXHIBITS (PX)

### A. PX 4 – Slide Presentation

The government objects to the admissibility of PX 4 because the document is inadmissible hearsay. See FRE 802-804.

### B. PX 5 – Requested Statement

The government objects to the admissibility of PX 5 because the document is inadmissible hearsay. See FRE 802-804.

### C. PX 7 – Gaylord's Essay

The government objects to the admissibility of PX 7 because it is inadmissible hearsay. See FRE 802-804.

**D. PX 30 – USA Today Article**

The government objects to the admissibility of PX 30 because it is inadmissible hearsay. See FRE 802-804.

**E. PX 36-37 – Plaintiff's Damages Summaries**

The government objects to the admissibility of PX 36 and PX 37 because the documents are inadmissible hearsay. See FRE 802-804.

In addition, the government objects to the admissibility of PX 36 and PX 37 because the documents appear to incorporate legal conclusions based upon undisclosed opinions. Since Plaintiff has not complied with the rules relating to the admissibility of opinion testimony, these exhibits should not be admitted into evidence. See FRE 702.

Furthermore, the government objects to the admissibility of PX 36 and PX 37 because the documents incorporate both cumulative information and erroneous information that unfairly prejudices the government. For example, the documents are needlessly cumulative because the government and Plaintiff have stipulated to the revenues and costs in Stip. Fact ¶ 20. The documents are erroneous because they indicate that there no costs were associated with the Framed Art item, despite the fact that the parties have stipulated costs with respect to that item. See Stip. Fact ¶ 20.[1] Accordingly, these documents should be excluded from evidence. See FRE 403.

[1] The documents contain other similar errors as well.

## II. OBJECTIONS TO PLAINTIFF'S WITNESSES

### A. General Objections to Plaintiff's Witness List

Plaintiff did not formally identify John Alli as a trial witness. Plaintiff, however, argues that he has reserved the right to call Mr. Alli as a witness pursuant to his appearance in response to the government's subpoena. See Plaintiff's Final Pre-Trial Memorandum ¶ F(1). If Plaintiff wishes to call Mr. Alli as a witness, the government requests that Plaintiff supplement his Witness List to include the information required by Paragraph 2(f) of the Court's Order of March 5, 2008.

In addition, Plaintiff did not identify "the expected length of direct examination" for each witness, as required in Paragraph 2(f) of the Court's Order of March 5, 2008. The government requests that Plaintiff supplement his Witness List to include this information.

### B. Frank Gaylord, Plaintiff

The government objects to Plaintiff's identification of Frank Gaylord as a witness qualified to give opinion testimony regarding royalty rates. See FRE 702. The government reserves the right to *voir dire* Mr. Gaylord and to challenge the testimony as inadmissible under FRE 701-702.

### C. Eric F. Mulch, Esq., United States Postal Service Law Department

The government objects to Plaintiff's identification of Eric Mulch on Plaintiff's "may call" trial witness list. Plaintiff indicated that Mr. Mulch:

> may be called as an adverse witness . . . to elicit admissions regarding the Postal Service's revenues and costs of stamps and merchandise bearing the stamp image *if the Postal Service objects to the admission of their interrogatory responses*.

See Plaintiff's Final Pre-Trial Memorandum ¶ F(3)(c) (emphasis added). On Tuesday, May 13, 2008, counsel for the government informed counsel for Plaintiff that the government would not

object to the admissibility of the government's interrogatory responses. Despite this discussion, Plaintiff identified Mr. Mulch as a potential witness on Friday, May 16, 2008.

Plaintiff's identification of Mr. Mulch as a witness is unnecessary and moot in light of the fact that the government will not contest the admissibility of the interrogatory responses. In addition, any knowledge that Mr. Mulch has about the subject matter of this suit was gained while assisting the government in defending this suit. Therefore, any questions concerning the subject matter of this lawsuit will elicit attorney-client or work product privileged information.

Finally, Mr. Mulch is not a person authorized to testify for the Postal Service regarding "revenues and costs of stamps and merchandise." In response to Plaintiff's Interrogatory No. 5, the government identified a large number of individuals who were involved in the marketing and sale of the stamps and merchandise. Mr. Mulch was not identified as one of those individuals.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOHN J. FARGO
Director

s/ Scott Bolden
SCOTT BOLDEN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0262
Facsimile: (202) 307-0345

June 6, 2008

Attorneys for Defendant the United States