# In the United States Court of Federal Claims

No. 06-539C

(Filed: April 22, 2011)

```
*******************************  *
                                 *
                                 *
                                 *
FRANK GAYLORD,                   *
                                 *   Copyright Infringement; Measure
                                 *   of Damages for Postal Service's
              Plaintiff,         *   Use of Copyrighted Image on
                                 *   Postage Stamp; 28 U.S.C. § 1498
 v.                              *   (b); 17 U.S.C. § 504; Zone of
                                 *   Reasonableness Based Upon
UNITED STATES,                   *   Evidentiary Record.
                                 *
              Defendant.          *
                                 *
*******************************  *
```

*Heidi E. Harvey*, Fish & Richardson P.C., Boston, Massachusetts, for Plaintiff.

*Scott Bolden*, with whom were *Tony West*, Assistant Attorney General, *John J. Fargo*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., *Gary L. Hausken* and *Michael F. Kiely*, Of Counsel, for Defendant.

OPINION AND ORDER

WHEELER, Judge.

      In this copyright action, Plaintiff Frank Gaylord alleges that the United States Postal Service infringed upon his copyright when it issued a 37-cent postage stamp commemorating the 50th anniversary of the armistice of the Korean War. The stamp depicted some of the stainless steel soldier sculptures that are part of the Korean War Veterans Memorial ("KWVM") located on the national mall in Washington, D.C. Mr. Gaylord sculpted nineteen soldiers in formation, known as "The Column." This Court previously held that, although Mr. Gaylord possesses a copyright for the sculptures at issue, the Postal Service made fair use of the work and therefore was not liable for infringement. Gaylord v. United States, 85 Fed. Cl. 59 (2008). On appeal, the Federal Circuit affirmed the holding that Mr. Gaylord possesses a copyright, but determined that the Postal Service's depiction of the sculptures on its memorial stamp did not fall within

fair use.  Gaylord v. United States, 595 F.3d 1364 (Fed. Cir. 2010).  The case is now on remand to this Court for a determination of damages.

The parties rely upon the original trial record to support their respective damages positions.  While the parties submitted supplemental briefs on damages during February 2011, they did not submit any new damages evidence.  Plaintiff claims damages of $3,024,376.20 based upon a ten percent royalty rate applied to $30.2 million in revenues that the Postal Service received from stamp sales and non-stamp merchandise sales.  Defendant argues that Plaintiff failed to show harm or proximate cause from the copyright infringement, and therefore Plaintiff should recover only a statutory minimum of $750.  The Postal Service has never paid more than $5,000 to a copyright owner to use a copyrighted image on a postage stamp.  By internal policy, the Postal Service is not permitted to pay a royalty for use of a copyrighted image.

## Background[1]

On October 28, 1986, Congress enacted legislation to erect a memorial to honor veterans of the Korean War.  See Pub. L. No. 99-572 (1986).  Cooper-Lecky Architects, P.C., the prime contractor for the creation, construction, and installation of the memorial, hired Mr. Gaylord as a subcontractor to sculpt the statues of the memorial.  (Stip. ¶¶ 3-4.)  Mr. Gaylord worked on "The Column" from 1990 to 1995, ultimately sculpting nineteen stainless steel statues representing a platoon of foot soldiers in formation to be installed as part of the KWVM.  (Stip. ¶ 5; Gaylord, Tr. 104-06.)  "The Column" was completed and installed as part of the KWVM in 1995 and dedicated on July 27, 1995.  (Stip. ¶¶ 7-8.)

In January 1996, Mr. John Alli, an amateur photographer, visited the KWVM during a snowstorm and took a photograph that he called "Real Life."  (Stip. ¶ 12; Alli, Tr. 371; DX 24.)  In 2002, the Postal Service authorized a 37-cent postage stamp commemorating the Korean War, incorporating "Real Life" into the stamp image.  (Stip. ¶ 13.)  The Postal Service paid Mr. Alli $1,500 for the use of his photograph.  (Alli, Tr. 383.)  The Postal Service did not seek Mr. Gaylord's permission to depict "The Column" on the stamp, and Mr. Gaylord did not consent to the Postal Service's use of an image of "The Column" on the stamp.  (Stip. ¶ 16.)  The Postal Service issued the stamp on July 27, 2003.  (Stip. ¶ 14.)  From this date until the stamp was retired on March 31, 2005, the Postal Service produced approximately 86.8 million of these stamps, as well as other retail goods featuring images of the stamp.  (Stip. ¶ 15.)

On July 25, 2006, Mr. Gaylord filed suit in this Court alleging that the Postal Service infringed upon his copyright in "The Column."  The Court conducted a trial in

---

[1] The Court is providing an abbreviated set of facts relevant to the determination of damages.  A fuller description of the facts, and an image of the stamp in question, is contained in the Court's original decision.  See Gaylord, 85 Fed. Cl. at 62-65.

Washington, D.C. on June 16-20, 2008 and issued its decision on December 16, 2008. The Court found that Mr. Gaylord owns a valid copyright for "The Column" and that the Postal Service copied "The Column." Gaylord, 85 Fed. Cl. at 68. However, the Court found that the Postal Service made fair use of the "The Column" and therefore was not liable for copyright infringement. Id. The Court also denied Defendant's affirmative defense under the Architectural Works Copyright Protection Act ("AWCPA"). Id.

Both parties appealed. Mr. Gaylord appealed the Court's determination that the Postal Service made fair use of his copyrighted work, and the Government appealed the Court's denial of its affirmative defense. The Federal Circuit affirmed-in-part and reversed-in-part, holding that the Postal Service did not make fair use of "The Column," and remanded the case to this Court for a determination of damages. Gaylord, 595 F.3d at 1364.

Discussion

With liability established, the Court must fashion the appropriate compensation due Mr. Gaylord because of the Government's infringement of his copyright. The applicable statute, 28 U.S.C. § 1498(b) (2006), provides that an owner of a copyright infringed by the Government is entitled to "recovery of his reasonable and entire compensation as damages for such infringement, including the minimum statutory damages as set forth in Section 504(c) of title 17, United States Code." The legislative history for Section 1498(b) indicates that "reasonable and entire compensation" is equivalent to just compensation under the Fifth Amendment. See S. Rep. No. 86-1877, reprinted in 1960 U.S.C.C.A.N. 3444, 3445-46 ("extending the provisions of Section 1498" to permit an action to recover "just compensation" for copyright infringement). The proper focus for "just compensation" under the Fifth Amendment is "what the owner has lost, not what the taker has gained." Leesona v. United States, 599 F.2d 958, 968-69 (Ct. Cl. 1979) (en banc); Standard Mfg. Co., Inc. v. United States, 42 Fed. Cl. 748, 757 (1999).

Our Court and its predecessor, the U.S. Court of Claims, have looked to 17 U.S.C. § 504 (2006) for guidance in interpreting the damages provisions of Section 1498(b). Wechsberg v. United States, 54 Fed. Cl. 158, 165-66 (2002); Steve Altman Photography v. United States, 18 Cl. Ct. 267, 279 (1989); Williams & Wilkins Co. v. United States, 487 F.2d 1345, 1350 (Ct. Cl. 1973), aff'd per curiam, 420 U.S. 376 (1975). The language of Section 1498(b) quoted above explicitly refers to the minimum statutory damages provision in 17 U.S.C. § 504(c). The Court's objective, as in any copyright action, is to determine the actual damages of the copyright owner resulting from the infringement. See 17 U.S.C. § 504(b) (specifying the recovery of actual damages for copyright infringement); On Davis v. Gap, Inc., 246 F.3d 152, 159 (2d Cir. 2001) (the "award of the owner's actual damages looks at the facts from the point of view of the copyright owner" and "undertakes to compensate the owner for any harm he suffered."). The Court

3

endorses the approach in <u>Steve Altman Photography</u> of employing a "zone of reasonableness" to determine the copyright owner's actual damages. 18 Cl. Ct. at 282.

In this case, the Postal Service paid Mr. Alli, the photographer of "Real Life" depicted on the stamp, $1,500. Mr. McCaffrey, Manager of Stamp Development at the Postal Service, testified that the highest amount the Postal Service has ever paid to incorporate an existing image on a stamp is $5,000. (McCaffrey, Tr. 587.) Therefore, the Court finds that the "zone of reasonableness" for the value of a work used on a stamp is between $1,500 and $5,000. This one-time fee represents an amount that Mr. Gaylord would have received if the Postal Service had paid Mr. Gaylord to use his copyright, instead of using it without his permission. In assessing a fair damages award within this range, the Court gives weight to the fact that the Postal Service precluded any negotiations with Mr. Gaylord. Because the Government's infringement deprived Mr. Gaylord of the opportunity to negotiate with the Postal Service for compensation, the Court finds it appropriate to award Mr. Gaylord the highest amount within the zone of reasonableness. Mr. Gaylord has not presented any evidence to demonstrate that he suffered any further loss or reduction in copyright value because of Defendant's actions. Accordingly, the Court finds that "reasonable and entire compensation" for the Government's infringement is $5,000.

Plaintiff's counsel urges the Court to compute damages in a manner similar to a royalty on a patent infringement under 28 U.S.C. § 1498(a). Using this method, Plaintiff argues that the Government owes him $3,024,276.20 for the copyright infringement. To reach this amount, Plaintiff simply takes ten percent of the assumed revenue on the sale of approximately 86.8 million 37-cent stamps and related merchandise sales. Using a royalty rate to compute damages, however, is a method unique to patent infringement claims, and does not apply to copyright infringements. The royalty rate method stems from 35 U.S.C. § 284 (2006). Title 35 of the United States Code is entitled "Patents," and Section 284, "Damages," falls within Chapter 29, "Remedies for Infringement of Patent and Other Actions." Title 35 does not include copyright infringements. There is no provision in 28 U.S.C. § 1498(b) or in 17 U.S.C. § 504 that would authorize the use of a royalty-based claim for copyright infringements.

Even if a royalty rate approach were permissible under 17 U.S.C. § 504 in limited circumstances, the Court concludes that a $3 million royalty payment to Mr. Gaylord is not within the zone of reasonableness. Plaintiff's efforts to show that a royalty rate should apply are not credible. The uncontroverted testimony is that the Postal Service is prohibited by policy from paying a royalty for a stamp design. (McCaffrey, Tr. 588.) The loss to Mr. Gaylord from the Postal Service's infringement is the amount he would have received as a one-time fee in negotiations with the Postal Service. By awarding Mr. Gaylord $5,000, the Court is granting him the highest amount the Postal Service has ever paid for the right to use a copyrighted image on a stamp.

Plaintiff also has claimed "pre-judgment interest from the date of the Complaint," but has not furnished any legal basis to the Court for the award of pre-judgment interest. (Pl.'s Supp. Br., Feb. 11, 2011, at 10.) Because a waiver of sovereign immunity must be explicit, a plaintiff may not recover interest on its claims against the United States unless specifically permitted by contract or an act of Congress. Library of Congress v. Shaw, 478 U.S. 310, 317 (1986). In a patent infringement claim, 35 U.S.C. § 284 provides for the recovery of "interest and costs as fixed by the court," but no comparable provision exists for copyright infringements in 17 U.S.C. § 504. The Court is not aware of any statutory provision waiving the Government's sovereign immunity for the payment of interest on copyright infringements. Although some courts have allowed pre-judgment interest for equitable reasons in private copyright suits, see, e.g., Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545 (9th Cir. 1989), cert. denied, 494 U.S. 1017 (1990), Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc., 874 F.2d 431 (7th Cir. 1989), Kleier Adver., Inc. v. Premier Pontiac, Inc., 921 F.2d 1036, 1040-41 (10th Cir. 1990), sovereign immunity demands more than equity or fairness for a claim to succeed. Entergy Nuclear Vermont Yankee v. United States, 95 Fed. Cl. 160, 197 (2010). While there may be no logical reason to award pre-judgment interest on patent infringement claims, but not on copyright infringement claims, this is an issue to be addressed by the legislative branch. The Court's duty is to apply the law as it presently exists, not as it might exist in a perfect world. Accordingly, Plaintiff is not entitled to pre-judgment interest for copyright infringement.

## Conclusion

Based upon the foregoing, the Court awards damages to Plaintiff of $5,000. The Court directs the Clerk to enter judgment in favor of Plaintiff in that amount. No costs.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge