IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FRANK GAYLORD,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

No. 06-539 C

Judge Thomas C. Wheeler

**DEFENDANT'S MOTION TO STRIKE TO PLAINTIFF'S
PROPOSED FINDING OF FACT 60 AND ATTACHED TABLE**

The United States ("government") moves to strike Plaintiff's Proposed Finding of Fact

("PPF") 60 and the Table attached to the proposed finding.[1]   Plaintiff, Frank Gaylord

("Gaylord"), incorporated PPF 60 and the Table into his Supplemental Proposed Findings of Fact

[Dkt. Nos. 137, 138], filed in conjunction with Plaintiff's Post-Trial Responding Brief in Support

of Judgment [Dkt. Nos. 136, 139].  Gaylord's offer of PPF 60 and the Table two and a half

months after the close of the second trial in this case violates the Court's Post-Trial Order dated

June 18, 2013.

The present Motion is the second motion to strike filed by the government with respect to

Gaylord's attempts to offer inadmissible exhibits after the Court closed the evidentiary record;

the government filed its first motion to strike with respect to a previously attached exhibit on

July 26, 2013.  See Defendant's Motion to Strike Exhibit 1 [Dkt. No. 133].  Since the grounds

---

[1] Plaintiff alleges that the Table "summarizes" the "record evidence," PPF 60, but the Table is
the result of manipulations of selected stamp retention data.  The Table is Protected Information
under the Protective Order because it is derived from documents that the government previously
designated as Protected Information.  See Protective Order [Dkt. No. 30].  This Motion to Strike
does not include any specific information derived from Protected Information.

for both motions are nearly identical, the content of the present Motion is very similar to the content of the first motion to strike.

## I.    BACKGROUND

On August 1, 2013, Gaylord submitted his Post-Trial Responding Brief [Dkt. Nos. 137, 138] pursuant to the procedures set forth by the Court in its June 18, 2013 Post-Trial Order. See Order [Dkt. No. 120].  Gaylord, however, also filed a Supplemental Proposed Findings of Fact [Dkt. Nos. 137, 138] containing PPF 60 and the Table in conjunction with his responsive post-trial brief.  The Court's Post-Trial Order makes no provision for the parties to offer supplemental proposed findings of fact.  Gaylord attached a Table to his supplemental proposed findings of fact, contrary to a specific prohibition in the Court's Order.   The Table is the result of manipulations of selected stamp retention data.  Gaylord relies solely upon the Table in support of PPF 60.  See PPF 60.

The Table is an inadmissible exhibit created by Gaylord's counsel prior to trial.  The Table is nearly identical to a table that Gaylord proposed as Plaintiff's Exhibit 227 – a trial exhibit that was not offered, received, or admissible into evidence.  On April 12, 2013, Gaylord initially identified and produced Plaintiff's Exhibit 227 to the government.  See Plaintiff's Proposed Supplemental Trial Exhibit List at 4 [Dkt. No. 106].   The government vigorously objected to the admissibility of the attorney-created table:

> **I. PX 227 – Plaintiff's Summary of 37 Cent Commemorative Stamp Retention with Images**
>
> The government objects to the admissibility of PX 227 to the extent Plaintiff relies on FRE 1006.  See FRE 1006.  PX 227 is inadmissible pursuant to FRE 1006 because, *inter alia*:  (1) the chart identifies some, but not all underlying documents; (2) the underlying documents are not voluminous and can be conveniently examined in court; (3) the summary does not accurately reflect the

underlying documents; and (4) the summary contains opinions and/or legal arguments without foundation in the underlying documents.

Furthermore, the government objects to the admissibility of PX 227 because the document is inadmissible hearsay. See FRE 802-804. In addition, the government objects to the admissibility of PX 227 because the document appears to incorporate conclusions based upon undisclosed expert opinions. Plaintiff has failed to identify, *inter alia*, the author of the document, the foundation for the document, and the methods used in the document. Since Plaintiff has not complied with the rules relating to the admissibility of opinion testimony, this exhibit should not be admitted into evidence. See FRE 702. Finally, the government objects to the admissibility of PX 227 because it potentially incorporates both cumulative information and erroneous information. See FRE 403.

Defendant's Objections to Plaintiff's Exhibits and Witnesses on Remand at 4 [Dkt. No. 114]; see

generally Pre-Trial Order at ¶ 3 [Dkt. No. 91].

At trial, Gaylord's counsel never attempted to introduce the exhibit into evidence. No

witness sponsored the admissibility of the exhibit.[2]  In light of the government's unrebutted

---

[2] Gaylord's damages expert, in particular, testified that he had no opinions regarding stamp retention, despite being shown an unidentified "chart . . . which listed . . . the stamps that were issued in the fourth quarter of 2003" by Gaylord's counsel:

> Q      Did you attempt to compare the retention of the Korean War Veterans Memorial stamp with the retention of any other commemorative stamp?
>
> A      No, sir.
>
> Q      Do you have any opinion as to whether this stamp was retained differently than other commemorative stamps?
>
> A      Only from the chart that I saw and which listed I think the stamps that were issued in the fourth quarter of 2003.
>
> Q      And so what was your opinion after seeing that chart?
>
> A      I don't recall because I wasn't focused on comparing that stamp to the other stamps. I was more focused on the number of stamps that were retained.

pretrial objections and the lack of support from any witness, Gaylord's counsel elected not to offer the exhibit into evidence.  The remanded trial closed on May 14, 2013.  On May 21, 2013, Plaintiff acknowledged that Plaintiff's Exhibit 227 was not offered into evidence.  See Joint Report on Trial Exhibits on Remand at 1 [Dkt. No. 117] ("The following Plaintiff's Exhibits ("PX") were either withdrawn before trial or not offered into evidence:  PX . . . 227.").

On June 18, 2013, the Court set forth its post-trial procedures in an order.  See Order [Dkt. No. 120].  In particular, the Court's Order expressly prohibited attachments to the parties' respective briefs:

> The briefs are not page-limited, but **the Court will not permit attachments to the briefs because the evidentiary record is closed**.

June 18, 2013 Post-Trial Order (emphasis added).

On July 19, 2013, Gaylord attached an unoffered, inadmissible exhibit to his proposed findings of fact filed with his opening brief.  The government moved to strike the exhibit and the corresponding proposed finding on July 26, 2013.  See Defendant's Motion to Strike Exhibit 1 [Dkt. No. 133].  Slightly less than one week later, Gaylord incorporated the Table and PPF 60 into a supplemental proposed findings of fact filed with his response brief.  See Plaintiff's Supplemental Proposed Findings of Fact [Dkt. Nos. 137, 138], compare with June 18, 2013 Post-Trial Order at 1 (stating that proposed findings of fact should be included within an opening post-trial brief).

---

Q      So there's no opinion in your report regarding, you know, this retention of the Korean War Veterans Memorial stamp as opposed to any of those other stamps?

A      No, sir.

Tr. II at 114:8-115:2 (Faris).

## II.      LEGAL STANDARDS

The Court has "inherent powers enabling it to manage its cases and courtroom effectively and to ensure obedience to its orders." Pac. Gas & Electric Co. v. United States, 82 Fed. Cl. 474, 480 (Fed. Cl. 2008) (citations omitted); see In re Bailey, 182 F.3d 860, 864 (Fed. Cir. 1999) ("The United States Supreme Court and federal courts of appeals have repeatedly recognized that regulation of attorney behavior is an inherent power of any court of law and falls within the discretion of such court."). Pursuant to these powers, the Court "has the inherent authority to sanction a party that willfully disobeys one of its orders." Pac. Gas, 82 Fed. Cl. at 483 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). "Willful disobedience of a court order occurs when a party acts in a way that it knew or should have known to be contrary to an express order." Pac. Gas, 82 Fed. Cl. at 483.

In addition, Gaylord has waived any arguments and proposed findings raised for the first time in conjunction with his response brief. See Kalick v. United States, 109 Fed. Cl. 551, 561 n.10 (2013); see also Banks v. United States, 102 Fed. Cl. 115, 144 (2011) ("Because plaintiffs did not raise their accrual suspension argument in their opening brief . . . defendant did not have an opportunity to respond to it, and the court finds the argument to be waived.").

## III.     PLAINTIFF'S OFFER OF PPF 60 AND THE TABLE VIOLATES THE COURT'S POST-TRIAL ORDER, AND ARGUMENTS AND PROPOSED FACTS RAISED FOR THE FIRST TIME IN A RESPONSE ARE WAIVED

Gaylord's offer of PPF 60 and the Table two and a half months after the close of the second trial in this case violates the Court's Post-Trial Order dated June 18, 2013. The Court's Order expressly prohibited attachments to the parties' respective briefs:

> The briefs are not page-limited, but **the Court will not permit attachments to the briefs because the evidentiary record is closed**.

June 18, 2013 Post-Trial Order (emphasis added). The Court's prohibition is clear and unambiguous. Prior to issuance of the Order, the Court specifically discussed the prohibition with counsel for the parties at the close of the trial on remand:

> THE COURT: All right. I think we're at the end of the line here on our little damages trial here. I want to address the exhibits just for a moment. I have a feeling that there are exhibits in the binders up here that were not used or not in evidence. Would I be right about that?
>
> MS. HARVEY: We probably have two or three of the demonstratives were not offered in evidence.
>
> MR. BOLDEN: We have a fair number of ours that are not in evidence, Your Honor.
>
> THE COURT: Here's what I'd like you to do. Let's say by next Tuesday, so one week from today, could you submit to the Court a joint filing indicating those exhibit numbers that are not in evidence and which can be therefor removed from our exhibit binders?
>
> MS. HARVEY: Yes.
>
> THE COURT: **So then the remaining exhibits will consist just of those that are in evidence. I don't want to have anything in our record that was not offered into evidence.** This way, we'll have sort of a clerical process for my judicial assistant to work through and take out the ones that are not in evidence.

Tr. II at 451:1-24 (emphasis added).

Gaylord cannot provide any objective justification for violating the Court's unambiguous prohibition of attachments to the post-trial briefs. In addition, the government's unrebutted pretrial objections remain valid.[3] Furthermore, Gaylord has waived any arguments and proposed findings raised for the first time in conjunction with his response brief. See Kalick, 109 Fed. Cl.

---

[3] The Table is inadmissible for a number of reasons, but ultimately, the Table manipulates the data of the Synovate survey reports to draw unfounded conclusions. The government has not had a fair opportunity to expose the flawed methodology underlying the exhibit because it was created by Gaylord's counsel and was not offered into evidence.

at 561 n.10; <u>Banks</u>, 102 Fed. Cl. at 144.  Accordingly, the government moves the Court to strike or otherwise disregard PPF 60 and the Table.

## CONCLUSION

In view of the foregoing, the government respectfully requests that this Motion be granted.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN J. FARGO
Director

|  |  |
|---|---|
|  |  s/ Scott Bolden                        |
|  | SCOTT BOLDEN |
| Of Counsel: | Assistant Director |
| MICHAEL F. KIELY | Commercial Litigation Branch |
| United States Postal Service | Civil Division |
|  | Department of Justice |
|  | Washington, DC  20530 |
| August 2, 2013 | Telephone:     (202) 307-0262 |
|  | Facsimile:      (202) 307-0345 |